# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51753-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ROGER ALLEN TURNER FORD, | |
| Appellant. | |

MAXA, C.J. – Roger Allen Turner Ford appeals the imposition of a discretionary legal financial obligation (LFO), following his conviction by guilty plea to one count of vehicular assault. He challenges the adequacy of the trial court's inquiry into his financial circumstances. We remand for a new hearing on all LFOs.[1]

## FACTS

The State charged Ford with vehicular assault after an incident on June 5, 2017. The trial court appointed counsel to represent Ford at the State's expense after making a finding that "the defendant is financially unable to obtain a lawyer without causing substantial hardship to the defendant or the defendant's family." Clerk's Papers at 57.

---

[1] Alternatively, Ford claims ineffective assistance of counsel. Because of our holding, we do not address this claim.

Ford pleaded guilty. At sentencing, defense counsel told the trial court that Ford "is employable on a limited basis because of lack of having a driver's license, probably for the next year, so I'd ask the Court to take that into consideration when determining what the LFO's are going to be." Report of Proceedings (RP) at 10. The court made no further inquiry into Ford's financial circumstances.

In declaring Ford's sentence, the trial court stated, "The Court will find that Mr. Ford does have the ability to pay legal financial obligations." RP at 11. The court then imposed a mandatory $200 criminal filing fee, a mandatory $500 crime victim penalty assessment, a mandatory $100 DNA collection fee, and a discretionary $600 in court appointed attorney fees. The judgment and sentence also provided that these costs would bear interest until fully paid. And as a condition of community custody, the court also ordered Ford to pay a community placement fee as determined by the Department of Corrections.

Ford appeals the imposition of the discretionary LFO.

## ANALYSIS

A. FAILURE TO OBJECT IN TRIAL COURT

Initially, the State argues that we should decline to consider Ford's appeal because he failed to object to the imposition of the discretionary LFO in the trial court. We disagree.

Ford did not object to the sentencing court's limited inquiry below, thereby failing to properly preserve the error for review. But under *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), appellate courts regularly exercise their discretion to reach the merits of the unpreserved LFO claims. *See State v. Glover*, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018); *State v.*

No. 51753-1-II

*Malone*, 193 Wn. App. 762, 765, 376 P.3d 443 (2016).  Likewise, we address Ford's LFO claim

on its merits.  RAP 2.5(a).

B.	ADEQUACY OF LFO INQUIRY

The issue on review is whether the trial court failed to make an adequate inquiry under

*Blazina* before imposing a discretionary LFO.  This is a question of law that we review de novo.

*State v. Ramirez*, 191 Wn.2d 732, 741-42, 426 P.3d 714 (2018).

In *Blazina*, the court held that former RCW 10.01.160(3) (2015) requires the trial court to

conduct an individualized inquiry on the record about a defendant's current and future ability to

pay before imposing discretionary LFOs.  182 Wn.2d at 839.  Factors the sentencing court must

consider include (1) incarceration, (2) other debts, including other court costs and restitution, (3)

income, (4) assets and other financial resources, (5) monthly living expenses, (6) employment

history, (7) health care costs, and (8) the ways of proving indigency under the comment to GR

34.  *Ramirez*, 191 Wn.2d at 742-44.  Many of these questions can be answered by looking at a

defendant's motion for an order of indigency.  *Id.* at 744.

Here, the trial court's inquiry into Ford's financial circumstances was minimal.  The

record shows that the court considered only his employability and did not inquire, on the record,

about the other mandatory factors.  This inquiry was inadequate.  *See Glover*, 4 Wn. App. 2d at

695-96 (trial court's inquiry, which was limited to employability, was inadequate).  The State

concedes that the sentencing court's inquiry was inadequate but asks this court to affirm because

the amount at issue is only $600.  We decline to base our decision on the amount of the

discretionary LFO at issue.

3

We hold that the sentencing court's inquiry into Ford's ability to pay cannot support imposing a discretionary LFO and therefore that this matter must be remanded for a new LFO hearing.

C.    OTHER LFO ISSUES

In 2018, the legislature amended (1) RCW 10.01.160(3), which now prohibits courts from imposing discretionary LFOs on a defendant who is indigent as defined in RCW 10.101.010(3)(a)-(c); (2) RCW 36.18.020(2)(h), which now prohibits imposition of the criminal filing fee on a defendant who is indigent as defined in RCW 10.101.010(3)(a)-(c); (3) RCW 43.43.7541, which establishes that the DNA collection fee no longer is mandatory if the offender's DNA previously had been collected because of a prior conviction; and (4) RCW 10.82.090, which now states that no interest will accrue on nonrestitution interest after June 7, 2018, and that the trial court shall waive nonrestitution interest that had accrued before June 7, 2018.  RCW 10.82.090(1), (2)(a).  These amendments to the LFO statutes apply prospectively to cases pending on direct appeal.  *Ramirez*, 191 Wn.2d at 749-50.

As in *Ramirez*, Ford's case was not yet final when the 2018 legislative amendments went into effect.  On remand, if the trial court finds that Ford is indigent as defined in RCW 10.101.010(3)(a)-(c), it cannot impose any discretionary LFOs and must strike the criminal filing fee.  Further, regardless of Ford's indigence, the court must strike the interest accrual provision on Ford's judgment and sentence and waive accrued nonrestitution interest.  And the court must determine whether Ford's DNA has been collected because of a previous Washington conviction.

No. 51753-1-II

CONCLUSION

We remand for a new hearing on the imposition of all LFOs.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, C.J.

We concur:

SUTTON, J.

GLASSGOW, J.